**STATE of Tennessee, Appellee,**

v.

**Kenneth W. ERVIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 30, 1996.

---

R. Mack Garner, District Public Defender, Maryville, for appellant.

Charles W. Burson, Attorney General & Reporter, Elizabeth T. Ryan, Assistant Attorney General, Nashville, Michael L. Flynn, District Attorney General, Edward P. Bailey, Jr., Asst. District Attorney General, Maryville, for appellee.

## OPINION

JONES, Presiding Judge.

The appellant, Kenneth W. Ervin, appeals as of right from a judgment of the trial court revoking his community corrections sentence and increasing his total sentence by one (1) year. The appellant candidly admits that he "clearly violated the rules of his Community Corrections contract in several respects." He presents the following issue for review: "[W]hether or not the trial court acted within its discretion in resentencing the Appellant to five years instead of the four years to which he was originally sentenced." After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue raised by the appellant, it is the opinion of this Court the judgment of the trial court revoking the appellant's sentence should be affirmed. This case is remanded to the trial court for a new sentencing hearing for the reasons stated in this opinion.

The record reflects that the appellant entered pleas of guilty to seven (7) offenses on May 17, 1994. The trial court imposed the following sentences on July 19, 1994:

1) indictment number C–8086, theft under $500, a sentence of confinement for eleven months and twenty-nine days in the Blount County Jail;

2) indictment number C–8087, attempt to commit aggravated burglary, a Range I sentence consisting of confinement for four (4) years in the Department of Correction;

3) indictment number C–8088, aggravated burglary, a Range I sentence of confinement for four (4) years in the Department of Correction;

4) indictment number C–8089, theft under $500, confinement for eleven months and twenty-nine days in the Blount County Jail;

5) indictment number C–8252, aggravated burglary, a Range I sentence of confinement for four (4) years in the Department of Correction;

6) indictment number C–8253, theft over $10,000, a Range I sentence of confinement for four (4) years in the Department of Correction;

7) indictment number C–8254, theft over $1,000, a Range I sentence of confinement of four (4) years in the Department of Correction.

All of the sentences were to be served concurrently.

The judgments in the felony cases provided that the appellant was to serve one (1) year in the Blount County Jail. The balance of the sentences was to be served pursuant to a community corrections program.

On April 19, 1995, a revocation warrant was sought for the appellant's arrest. The warrant alleged that the appellant failed to comply with the curfew requirement; he tested positive for marijuana; and he had been expelled from two facilities where he had been placed pursuant to the program. The appellant was subsequently arrested pursuant to the warrant. An evidentiary hearing was conducted by the trial court on May 30, 1995. The court revoked the appellant's community corrections sentence at the conclusion of the hearing. The court increased the sentences on indictment numbers 8088 and 8252 from four (4) years to five (5) years. The effective sentence imposed was five (5) years.

The trial court did not explain why the sentences were increased. After finding that the appellant had violated the terms of his community corrections sentence, the trial court stated:

> So, his sentence in 8252 and 8088 is modified and increased under the Tennessee Code to five years. He is given 62 days jail credit for the time that he was on Community Corrections plus jail credit, of course, for the—against this five-year sentence for the year that he's already served and the time that he's been in custody since he was picked up, all as required by law.

### I.

■ When a trial court revokes a community corrections sentence, the court has the authority to resentence the accused. Tenn. Code Ann. § 40–36–106(e)(3) provides:

> The court shall also possess the power to revoke the sentence imposed at any time

due to the conduct of the defendant ..., and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

■ The purpose of this statute is to permit a trial court to impose a new sentence if the nature, circumstances, and frequency of the accused's violations warrant a different type of alternative sentence or incarceration. However, the provisions of the statute do not permit a trial court to arbitrarily establish the length of the new sentence. The statute should not be used by trial courts for the sole and exclusive purpose of punishing an accused for violating provisions of a community corrections sentence.

■ A sentence imposed pursuant to this statute may exceed the length of the sentence initially imposed by the trial court. This practice does not offend the Double Jeopardy Clause of either the United States Constitution or the Tennessee Constitution. *State v. Griffith*, 787 S.W.2d 340, 341–42 (Tenn.1990); *see also State v. Patty*, 922 S.W.2d 102, 103–04 (Tenn.1995).

### II.

■ The Tennessee Criminal Sentencing Reform Act of 1989 and the Community Corrections Act of 1985 are in *pari materia*. *See State v. Taylor*, 744 S.W.2d 919, 920 (Tenn.Crim.App.1987). Consequently, when a trial court opts to impose a sentence which exceeds the length of the initial sentence based on a breach of the terms of the sentence, the trial court must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989. *See* Tenn.Code Ann. §§ 40–35–209(a) and –210(a) through (e).

■ If the trial court opts to enhance the sentence, the court must state its reasons for imposing a new sentence on the record. Tenn.Code Ann. §§ 40–35–209(c) and –210(f)–(g). Tenn.Code Ann. § 40–35–209(c) provides in part that the record of the sentencing hearing "shall include specific find-

ings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40–35–210 provides in part:

> (f) Whenever the court imposes a sentence, it shall place on the record either orally or in writing what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40–25–209.
>
> (g) A sentence must be based on evidence in the record of the trial, the sentencing hearing, the presentence report, and, the record of prior felony convictions filed by the district attorney general with the court as required by § 40–35–202(a).

These statutory provisions are mandatory. *State v. Gauldin,* 737 S.W.2d 795, 798 (Tenn. Crim.App.), *per. app. denied* (Tenn.1987). The fact that this Court reviews sentences *de novo* does not relieve the trial court from complying with these statutory mandates. *Gauldin,* 737 S.W.2d at 798. As this Court said in *Gauldin:*

> We wish to make it clear ... that the fact we are now required to make a *de novo* review of these sentencing issues does not in any way relieve the trial judges of their responsibility and duty to comply with the guidelines and mandates of the Sentencing Act including the making of a proper record.

737 S.W.2d at 798 (quoting *State v. Anthony D. Davis, et al.,* Hamilton County No. 954, 1986 WL 13265 (Tenn.Crim.App., Knoxville, November 25, 1986), *per. app. denied* (Tenn., May 11, 1987)); *see State v. Dulsworth,* 781 S.W.2d 277, 289–90 (Tenn.Crim.App.), *per. app. denied* (Tenn.1989).

The purpose of these statutory requirements is to guarantee the preparation of a proper record for appellate review. An appellate court cannot review either the length or method of serving a sentence unless the findings of the trial court are contained in the record.

In this case, the trial court did not address the purposes outlined in the Tennessee Criminal Sentencing Reform Act of 1989, Tenn.Code Ann. § 40–35–102, the sentencing considerations enumerated in the Act, Tenn. Code Ann. § 40–35–103, the mitigating factors that might have been present, Tenn. Code Ann. § 40–35–113, or the enhancement factors which were present, Tenn.Code Ann. § 40–35–114. Nor does the record reveal how the trial court applied the mitigating and enhancement factors, if any, that applied in the case. To the contrary, the record gives the appearance that the trial court decided to add an additional year because the appellant was entitled to credit for the year he served in the Blount County Jail. However, this Court is satisfied that there are valid grounds for the enhancement of the sentences.

## III.

Given the state of the record, this Court cannot conduct the statutorily mandated *de novo* review of the new sentences. Consequently, this Court must reverse the judgment of the trial court as to the increase in the sentences, and remand this case to the trial court for a new sentencing hearing.

This Court has consistently held that the remedy in these cases is a remand for a new sentencing hearing. The initial case supporting this remedy was *State v. Keith F. Batts,* Davidson County No. 01–C–01–9210–CR–00326, 1993 WL 39749 (Tenn.Crim.App., Nashville, February 18, 1993). *Batts* has been followed in the following cases: *State v. John Eric Lipscomb,* Davidson County No. 01–C–01–9506–CR–00185, 1996 WL 63947 (Tenn.Crim.App, Nashville, February 13, 1996); *State v. Thomas Harold Adams,* Marshall County No. 01–C–01–9311–CR–00395, 1994 WL 379124 (Tenn.Crim.App., Nashville, July 21, 1994); *State v. Willie Huel Tears,* Marshall County No. 01–C–01–9310–CC–00376, 1994 WL 279813 (Tenn.Crim.App., Nashville, June 23, 1994), *per. app. denied* (Tenn., October 10, 1994); *State v. James Austin Patterson,* Gibson County No. 02–C–01–9308–CC–00174, 1994 WL 201852, (Tenn. Crim.App., Jackson, May 25, 1994); *State v. James Patterson,* Gibson County No. 02–C–01–9208–CC–00196, 1993 WL 141639, (Tenn. Crim.App., Jackson, May 5, 1993). This Court reached a different result in *State v. Tommy E. Patty,* Blount County No. 01–C–01–9208–CR–00283, 1993 WL 263055 (Tenn.

Crim.App., Knoxville, July 13, 1993) (modifying the sentence at the appellate level).

SUMMERS and HAYES, JJ., concur.