**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1998 SESSION**

FILED

October 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,                )
                                   )        C.C.A. NO. 03C01-9707-CC-00311
            Appellee,              )
                                   )        BLOUNT COUNTY
VS.                                )
                                   )        HON. D. KELLY THOMAS, JR.,
KENNETH W. ERVIN,                  )        JUDGE
                                   )
            Appellant.             )        (Resentencing)

**D I S S E N T**

I respectfully disagree with the majority's conclusion that if the trial court finds that the defendant's guilty pleas were conditioned upon the concurrent service of his sentences, he should then be allowed to withdraw his guilty pleas. In my view, because the defendant has already been resentenced outside of the plea agreement for violating the terms of his community corrections contract, the plea agreement is no longer an issue in this case.

The majority relies upon State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978); State v. Jon Connors, C.C.A. No. 03C01-9506-CC-00176, Blount County (Tenn. Crim. App. filed December 17, 1996, at Knoxville), as authority for the proposition that when a defendant's plea bargain is conditioned upon the imposition of concurrent sentences and he or she is originally sentenced to concurrent sentences, he or she must be allowed to withdraw his or her plea before a court exercises its authority to correct the defendant's sentence by imposing consecutive sentences pursuant to Tennessee Rule of Criminal

Procedure 32(c).  In my view, however, <u>Burkhart</u> and <u>Connors</u> are distinguishable from the instant case because neither of these cases involved a defendant whose community corrections contract was revoked before the Rule 32 error was caught and corrected, which is the situation here.

When a defendant violates the terms of his community corrections contract, the trial court has the statutory authority to resentence the defendant, up to the maximum sentence provided for the offense committed.  T.C.A. § 40-36-106(4).  Resentencing a defendant upon revocation of his or her community corrections contract is done regardless of whether the defendant's original sentence was imposed pursuant to a plea bargain agreement.  <u>See, e.g.</u>, <u>State v. Ervin</u>, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996); <u>State v. Randall Dean Cooper</u>, C.C.A. 03C01-9601-CC-00031, Sevier County (Tenn. Crim. App. filed April 7, 1998, at Knoxville)(noting that the defendant's new sentence following revocation of community corrections is based on the evidence presented at trial and at the sentencing hearing, the presentence report, and the defendant's prior convictions).  In this way, once a defendant's behavior causes his community corrections sentence to be revoked, his behavior, in essence, also causes any prior plea bargain agreement to no longer be controlling or even exist.  Thus, once a defendant accepts a sentence in the community corrections program, he is presumed to know the law and know that if he violates the terms of his community corrections contract, he will be risking an increased sentence.

In the instant case, the defendant's original sentence involved a term on community corrections, pursuant to a plea agreement. The defendant's behavior caused his community corrections contract to be revoked, at which time the defendant was resentenced without any regard to his prior plea agreement.  The defendant concedes

2

that the increased sentence of five years he received after revocation of his community corrections contract was proper, even though the record suggests it was apparently based solely upon the State's recommendation. Cf. id. After the trial court reviewed the defendant's case file and realized that his concurrent sentences were illegal, the trial court imposed consecutive sentences upon the defendant, as Rule 32(c)(3)(C) requires. Since the defendant has already been resentenced without regard to his prior plea agreement, I see no reason why the plea agreement should now be resurrected in the sense that the defendant should be allowed to withdraw his guilty pleas.

This is not a situation where the defendant is allowed to withdraw his guilty pleas because the original terms of his plea bargain agreement, the very thing for which the defendant negotiated in exchange for his guilty pleas, cannot be enforced. See, e.g., Burkhart, 566 S.W.2d at 873; Connors, C.C.A. No. 03C01-9506-CC-00176. Rather, the plea bargain agreement in this case has already been satisfied; the defendant received the benefit of his bargain when he was sentenced pursuant to his plea agreement. However, when the defendant violated the terms of his community corrections contract and was resentenced without regard to his prior agreement, as § 40-36-106(4) provides, the defendant's plea bargain agreement ceased being an issue. Under these circumstances, and regardless of whether the defendant's guilty pleas were conditioned upon the imposition of concurrent sentences, the defendant should not be entitled to withdraw his guilty pleas before his illegal sentence is corrected to reflect consecutive rather than concurrent sentences, as required by Rule 32(c)(3)(C).

I also respectfully disagree that the defendant's sentence on each count should be reduced to five years because, in my view, enhancement factor (3), that the offenses involved more than one victim, see § 40-35-114(3), does apply to enhance the

3

defendant's sentences in the aggravated burglary cases. A "victim" is defined as "a person or entity that is injured, killed, had property stolen, or had property destroyed by the perpetrator of the crime." See State v. Raines, 882 S.W.2d 376, 384 (Tenn. Crim. App. 1994). "Injury" is not limited solely to physical injury, but can also encompass emotional or psychological injury. See State v. Michael Wilson, 01C01-9602-CC-00073, Putnam County (Tenn. Crim. App. filed July 31, 1997, at Nashville). Thus, this Court has surmised that "upon proper proof, a single burglary could victimize multiple residents who were absent at the time of the burglary." Id.

In the instant case, the record reflects that the burglary charged in C-8252 has caused the young children of the family whose home was burglarized to be quite fearful to be in their own home. This type of emotional injury suffered by more than one person living in the home is enough to justify enhancing the defendant's sentence under § 40-35-114(3) on the aggravated burglary count charged in C-8252. I would hesitate to apply this factor to enhance the sentence on the aggravated burglary charged in C-8088, though, because the record fails to disclose more than one individual who was injured, and thus victimized, by that burglary. See, e.g., State v. Clabo, 905 S.W.2d 197 (Tenn. Crim. App. 1995). Nevertheless, considering the trial court's findings and the evidence supporting those findings, I would conclude that the defendant has not overcome the presumption of correctness to show how a sentence of six years for each offense is inappropriate in this case.

_____

JOHN H. PEAY, Judge

4