# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1997 SESSION

FILED

December 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,

    Appellee,

V.

**JAMES DANTES,**

    Appellant.

) C.C.A. No. 02C01-9705-CC-00184
)
) Hardeman County
)
) Honorable Jon Kerry Blackwood, Judge
)
)
) (Revocation of Community Corrections)
)

FOR THE APPELLANT:

Clifford K. McGown, Jr.
Attorney at Law
113 North Court Square
P.O. Box 26
Waverly, TN 37185
(On Appeal Only)

Gary F. Antrican
District Public Defender

Jeannie Kaess
Assistant District Public Defender
118 East Market Street
P.O. Box 700
Somerville, TN 38068
(At Trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Kenneth W. Rucker
Assistant Attorney General
Criminal Justice Division
425 5th Avenue North
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General

Jerry Norwood
Assistant District Attorney General
302 Market Street
Somerville, TN 38068

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, James Dantes, pled guilty to two counts of violating the Motor Vehicle Habitual Offenders Act. He received an effective sentence of six years incarceration as a multiple offender. Before the appellant reported to jail, he again violated the Motor Vehicle Habitual Offenders Act. He was sentenced to one year and eight months incarceration, which was to be served consecutively to his previous sentences. Therefore, he received a total effective sentence of seven years and eight months.

Thereafter, the appellant signed a behavioral contract agreement and entered into the community corrections program. However, the appellant violated the conditions of this agreement. As a result of this violation, the trial court revoked the appellant's community corrections sentence and resentenced him to an effective sentence of nine years. He appeals the revocation of his community corrections sentence and the increase of his original sentence. Upon review, we affirm.

The appellant contends that the revocation of his community corrections sentence should be set aside because the trial court failed to specify the precise condition or term of the agreement that was violated. For this Court to overturn a community corrections revocation, we must find that the trial judge abused his or her discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is apparent when the record contains no substantial evidence to support the conclusion that a violation of the community corrections sentence has occurred. Id. In this case, however, we find that the record is replete with evidence to support the revocation.

The appellant's behavioral contract agreement required him to make payments for costs or fines, complete 100 hours of community service, and

abide by all rules and regulations of the program. The record reveals that the appellant failed to make the required payments for court costs or fines. Appellant repeatedly failed to attend his weekly scheduled meetings; and he was observed by his case worker in an intoxicated state. The record contains substantial evidence to support the trial court's determination that the appellant violated the conditions of his community corrections sentence. This issue is without merit.

The appellant next contends that the trial court erred in increasing his original sentence from seven years and eight months to an effective sentence of nine years. The state argues that once a community corrections sentence has been revoked, the trial court can conduct a sentencing hearing and sentence the appellant to a sentence that exceeds the length of the initial sentence.

Tennessee Code Annotated § 40-36-106(e)(3) (Supp. 1996) grants a trial judge the authority to resentence an appellant in excess of his or her original sentence. When a trial court utilizes this procedure, a sentencing hearing should be conducted. State v. Ervin, 939 S.W.2d 581 (Tenn. Crim. App. 1996).

The record reveals that the trial court considered the testimony at the revocation hearing, the previous sentencing hearing, the presentence report, and the entire record. The court found that new evidence of enhancement[1] existed and found no additional mitigation evidence. Therefore, finding that

the enhancement factors outweighed the only evidence of mitigation,[2] the court increased the appellant's effective sentence by one year and four months.

---

[1]The court found that the appellant had shown an unwillingness to comply with the conditions of a sentence involving release into the community. Tenn. Code Ann. § 40-35-114(8) (1990).

[2]The trial court's written order states that no mitigation evidence exists. However, the transcript reveals that the trial court considered the fact that the appellant's conduct neither caused nor threatened serious bodily injury.

We find that the increase in the appellant's sentence was warranted.  The appellant has failed to overcome the presumption of correctness.  This issue is without merit.

Accordingly, we find no error of law mandating reversal.  The judgment of the trial court is affirmed.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JOHN H. Peay, Judge


_____
DAVID G. HAYES, Judge