IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1998 SESSION

FILED

April 22, 1998

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9706-CC-00218 |
| Appellee, | * | CROCKETT COUNTY |
| VS. | * | Hon. Dick Jerman, Jr., Judge |
| DANNY WALKER, | * | (Sale of Less than Point Five Gram of Cocaine) |
| Appellant. | * | |

For Appellant:

Joyce Diane Stoots
Assistant Public Defender
107 South Court Square
Trenton, TN  38382

Tom Crider
Assistant Public Defender
107 South Court Square
Trenton, TN  38382

For Appellee:

John Knox Walkup
Attorney General and Reporter

Janis L. Turner
Assistant Attorney General
Criminal Justice Division
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

Clayburn Peeples
District Attorney General
110 South College, Suite 200
Trenton, TN  38382

Larry Hardister
Assistant District Attorney General
110 College Street, Suite 200
Trenton, TN  38382

OPINION FILED:_____

AFFIRMED; SENTENCE MODIFIED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Danny Walker, entered a guilty plea to a sale of less than .5 gram of cocaine, a Class C felony. Tenn. Code Ann. § 39-17-417. The trial court imposed a Range I, three-year sentence to be served in Community Corrections and ordered a fine of $1,000.00. Thereafter, the trial court revoked the alternative sentence and ordered the defendant to serve a six-year sentence. On direct appeal, this court reversed the order and remanded the cause for another sentencing hearing because the trial court had failed to conduct a hearing and make specific findings of fact in accordance with the Criminal Sentencing Reform Act of 1989. <u>State v. Danny Walker</u>, No. 02C01-9508-CC-00025 (Tenn. Crim. App., at Jackson, Sept. 30, 1996). After remand on the first appeal, the trial court reimposed a six-year sentence, the maximum possible.

In this appeal of right, the defendant complains that the trial court imposed an excessive sentence. We modify the sentence to four years.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a <u>de novo</u> review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). <u>See</u> <u>State v. Jones</u>, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at

2

the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence on a felony conviction, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

A failure to comply with the terms of a Community Corrections sentence may result in a revocation. Tenn. Code Ann. § 40-36-106(e)(3)(B). In such an event, the trial court must resentence the defendant and may order "any period of time up to the maximum sentence...." Tenn. Code Ann. § 40-36-106(e)(4); State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996). On remand from the first appeal, neither the state nor the defense presented any evidence. The trial court considered the contents of the presentence report, was informed that the defendant was on parole, and ordered a six-year sentence.

The transcript of the revocation hearing indicates that the petition to

3

revoke was filed based upon the defendant's positive drug screens, his admitted use of cocaine only a little over a month after his guilty plea, and his refusal to undergo in-patient treatment. The defendant, who was working 11:00 A.M. to 5:00 P.M. seven days per week had not performed community service as required, "because I worked on Sundays," even though his probation officer had suggested two hours of community service in the mornings before his work began. At the conclusion of the hearing, the trial court characterized the defendant's attitude as "sorry." This record confirms that there was a factual basis for that conclusion. The trial court also determined that the defendant had violated the terms of his agreement.

After hearing brief comments from counsel at the resentencing hearing, the trial court ruled as follows:

> I'm going to consider the evidence, the Pre-Sentence Report that was filed, the sentencing principles, all arguments of counsel, the nature and character of the offense, any mitigating and enhancement factors, any statements made by the defendant, and any potential for rehabilitation or treatment and accordingly, after giving this matter consideration for all those factors, I find he has violated the terms of Corrections Management and I resentence him to serve six years in the state penitentiary as a Range I standard offender.... [I] am going to order him to the custody of the sheriff. I am going to let him go back through the parole process. He can report to the sheriff. I don't see how they can parole him on a sentence that he didn't have. He'll have to go back through the process. You can appeal it again.

The presumption of correctness on any sentence is, in the words of our supreme court, "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." Ashby, 823 S.W.2d at 169. While the trial court made reference to having done so, the specific findings were not made on the record and do not appear in the judgment form. Because the findings of facts and conclusions of law

4

contemplated by both the legislature and the rulings of our supreme court have not been made, our review must be de novo.

The state's brief is of little assistance. There is no attempt to address the purposes of the 1989 Act. Tenn. Code Ann. § 40-35-102. No effort was made to review the applicable sentencing considerations. Tenn. Code Ann. § 40-35-103. No specific argument was made as to the existence of any of the enumerated enhancement factors. Tenn. Code Ann. §§ 40-35-114(1)-(21).

The presentence report does indicate that the defendant, thirty-six years of age, was convicted of public intoxication in 1991 and simple assault in 1992. While there is no indication the defendant was incarcerated for either, at least one enhancement factor is present because the defendant did have a previous history of criminal convictions. Tenn. Code Ann. § 40-35-114(1).

The report also indicates that the defendant completed the twelfth grade, had full-time gainful employment at the time of the revocation, and has two children, both of whom were born out of wedlock. The defendant pays child support weekly and has worked as a laborer, a forklift operator, and a machine operator during his adult life. The defendant conceded that he had used cocaine from 1990 through 1994 but otherwise had no health problems.

A primary purpose of the 1989 Act is to ensure that every sentence is justly deserved in relation to the seriousness of the offense. Fair and consistent treatment is paramount. Confinement is appropriate, as in this case, when measures less restrictive have been unsuccessful. The potential for rehabilitation or treatment is an important consideration. All sentences should be "the least severe

measure necessary to achieve the purposes of a sentence." Tenn. Code Ann. § 40-35-103.

That the defendant used cocaine after his conviction and failed drug screens justifies not only the revocation of the terms of release but also a sentence of confinement. When taken into consideration with the other enhancement factor present, the defendant merits a greater sentence than the minimum. Of course it is far better for the trial judge, who sees and hears the witnesses firsthand, to make an assessment as to the appropriate sentence. But the time must be taken to place the underlying rationale for the sentence in the record so that there is the opportunity for an informed appellate review. Had those reasons been specifically set out in this case, it may be that this court would have agreed with the six-year maximum. The limited record before us, in our view, would warrant a lesser sentence. In our view, a term of four years would meet the purposes of the Act.

Accordingly, the judgment is so modified.

_____
Gary R. Wade, Judge

CONCUR:


_____
Joe B. Jones, Presiding Judge


_____
Jerry L. Smith, Judge