# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY 1998 SESSION

FILED

September 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9708-CR-00366 |
| Appellee, | * | KNOX COUNTY |
| VS. | * | Hon. Mary Beth Leibowitz, Judge |
| JAMES SMITH, a.k.a.<br>JAMES E. MAXWELL, | * | (Revocation of Community Corrections) |
| | * | |
| Appellant. | * | |
| | * | |

For Appellant:

Mark E. Stephens
District Public Defender
6th Judicial District

Paula R. Voss
Julia Auer
Assistant Public Defenders
1209 Euclid Avenue
Knoxville, TN  37921

For Appellee:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Randall Nichols
District Attorney General
and
Leon Franks
Assistant District Attorney General
400 Main Avenue
Knoxville, TN  37902

OPINION FILED:_____

AFFIRMED AS MODIFIED

GARY R. WADE, PRESIDING JUDGE

## OPINION

The defendant, James Smith, a.k.a. James E. Maxwell, appeals the trial court's revocation of his community corrections sentence. The following issues have been presented for review:

> (I) whether the trial court should have held a hearing before the revocation of his suspended sentence and imposition of greater sentences; and
>
> (II) whether the judgment forms and orders reflect illegal sentences.

The judgment of revocation is affirmed; the sentences are modified as provided herein.

This appeal involves sentencing for three separate convictions. On June 28, 1991, in case number 35815, the defendant was given a Range I, two-year sentence to be served on probation for the attempted sale of a schedule II controlled substance, a Class D felony. On September 2, 1992, probation on the two-year term was revoked and the defendant was ordered to serve the full sentence in custody, less credit for service of 105 days in jail. On December 22, 1992, the Department of Correction placed the defendant on determinate probation pursuant to Tenn. Code Ann. § 40-35-501.

While out on determinate probation for the two-year sentence, the defendant incurred additional charges. On December 8, 1993, in case number 47804, he received a Range I, eight-year sentence in TDOC for possession of cocaine with intent to sell, a Class B felony; the sentence was suspended and he was placed on community corrections for eleven years. On the same date, in case number 49817, he received a Range I, three-year sentence for sale of less than one-half gram cocaine, a Class C felony; the sentence was suspended and he was

2

placed on community corrections for eleven years. The three year sentence was to be served consecutively to the eight-year sentence.[1]

Revocation warrants were eventually filed for all offenses. On July 21, 1995, the trial court held a brief hearing; no proof was presented. Apparently, the defendant conceded that the terms of the alternative sentences had been violated. The state and the defense appear to have agreed that the trial judge should revoke the alternative sentences and then increase the term, as long as the defendant was not ordered to serve any time in custody. The trial court asked the defendant, "You ... understand I intend to increase your sentence significantly now; so that, if you do fail, you are going to spend some time in the penitentiary." The defendant responded, "A whole lot, yes." The trial court then ruled from the bench as follows:

> Here is what I have got. I have an eight-year sentence and a B felony. So that can be increased to up to twelve years as a range I offender and a three-year sentence in 49817, which is a C felony and increase that to six years, for a total sentence of eighteen years.
> Now, I do not know how to deal with this pending determinate probation, because that was not figured in when we originally put Mr. Maxwell on C.A.P.P. in these cases. ... I am going to put him on C.A.P.P. for two

---

[1]The judgments of conviction entered in the defendant's latter two cases reflect conflicting sentences. Read literally, the judgments reflect that the trial court imposed sentences to the Department of Correction, suspended those sentences, and placed the defendant in the community corrections program for a term of years. This looks as if the trial court gave the defendant probation and made supervision under the community corrections program a condition of that probation. See Tenn. Code Ann. § 40-36-106(f). If that were so, the trial court would not have retained the power to change the length of the sentences as originally imposed.

However, the record on appeal, including the judgments of conviction, reflect that the trial court intended to impose community corrections sentences pursuant to Tenn. Code Ann. § 40-36-106(e)(1), instead of making the program a condition of probation pursuant to Tenn. Code Ann. § 40-36-106(f). With a community corrections sentence, though, the trial court does not also impose a term of years for service in the penitentiary or local jail that is then suspended. Any sentence so imposed, including its length, is essentially a nullity and recording it in the judgment of conviction is superfluous. The length of time the defendant serves in the community corrections program is the only sentence to be imposed.

3

years in this case, also, and run that C.A.P.P. time concurrent.... [H]is effective C.A.P.P. sentences is eighteen years.

The court also entered a written order on that date:

[I]n case no. 35815, the defendant's State Probation ... is ... revoked; and the defendant placed on CAPP for eighteen (18) years to expire July 21, 2013. In case no. 47804, the defendant's CAPP revoked, sentence increased from eight (8) years to twelve (12) years, however, the defendant is placed back on CAPP for eighteen (18) years to expire July 21, 2013. In case no. 49817, the defendant's CAPP revoked, sentence increased from three (3) years to six (6) years, however, the defendant is placed back on CAPP for eighteen (18) years to expire July 21, 2013.

Sometime later, on January 6, 1997, another revocation warrant was filed. At the revocation hearing, Tamela Wheeler, who supervised the defendant on C.A.P.P., testified that the defendant had absconded and that she had no contact from May 1996 until January 1997.

The trial court concluded that the defendant had violated the terms of his community corrections sentence. Rather than ruling at the conclusion of the hearing, however, the trial judge opted to review the transcript of the 1995 hearing to make certain that the defendant had understood his sentence was to be increased to an effective term of eighteen years. At a second hearing one month later, defense counsel argued that at the 1995 hearing, where the sentences were increased, the defendant was not advised of his right to insist on a sentencing hearing and the right to appeal. The trial judge ruled as follows:

It is clear ... to this Court that Mr. Maxwell violated the terms of his C.A.P.P. ... There is no question in my mind that based upon this transcript and my memory ... that Mr. Maxwell understood that I intended to revoke him. But he took the eighteen year sentence because he wanted to get out. ... It may not be equitable, but this isn't a court of equity. And it may not be fair, and perhaps we have not held the hearings that the law

4

requires of us. ... However, I think that it's pretty clear that there was a hearing, that there was an agreement, that Mr. Maxwell understood the agreement, that Mr. Maxwell understood because he had already been revoked and sent to the penitentiary and put out on determinate probation in one of the cases, what he had to do and he didn't do it. ... So I don't think I really have a choice but to revoke Mr. Maxwell. And I don't think I have a choice right now but to revoke him at the eighteen year sentence that he agreed to.

On that same day, the trial court entered three separate orders revoking community corrections for each offense and ordering judgment to be executed. The order on the two-year sentence provides as follows:

[T]he defendant's CAPP is ... revoked and the original judgment of this Court on June 28, 1991 is put into full force and effect. Defendant ... is to receive ... a combined total credit of eight hundred and eight (808) days, sentence to begin January 1, 1995.

The order on the twelve-year sentence, which originally was an eight-year sentence, provides as follows:

CAPP is hereby revoked and the original judgment of this Court on December 8, 1993 is put into full force and effect, along with the revocation of July 21, 1995 increasing the defendant's sentence from eight (8) to twelve (12) years.

The order on the six-year sentence, which was originally a three-year term, provides as follows:

CAPP is hereby revoked and the original judgment of this court on December 8, 1993 is put into full force and effect, along with the revocation of July 21, 1995, increasing the defendant's sentence from three (3) to six (6) years.

Trial courts have authority to revoke a community corrections sentence based upon the conduct of the defendant. Tenn. Code Ann. § 40-36-106(e)(3). A trial judge's decision to revoke a defendant's release on community corrections

5

should not be disturbed unless there is an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order to find an abuse of discretion, it must appear that the record contains "no substantial evidence to support the conclusion of the trial judge that a violation of the conditions ... occurred." Id.

The same principles applicable to a probation revocation are relevant to the revocation of community corrections. Id. at 83. The trial judge is not required to find that a violation of the terms of probation has occurred beyond a reasonable doubt. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Rather, the existence of a violation of probation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d).

The defendant concedes he violated the terms of his community corrections sentence and does not contest the revocation. Instead, he complains that the trial court erred by increasing his sentence without a hearing and that the orders reflect illegal sentences.

I

On July 21, 1995, the trial court increased the eight-year sentence to twelve years and the three-year sentence to six years. The trial court did so without having received any proof and without making reference to any of the sentencing principles of the 1989 Act. The defendant argues that because the trial judge failed to conduct an appropriate hearing before increasing the sentences, the case should be remanded "for further proceedings which conform with the [defendant's] rights to due process of law."

The time for appealing the order entered on July 21, 1995, has long since passed. The defendant had thirty days to file a notice of appeal. Tenn. R. App. P. 4(a). The timely filing may be waived "in the interest of justice." Id. Under the circumstances, however, we are not inclined to do

6

so. The defendant agreed to the increase in sentence. At the hearing, defense counsel stated to the trial court:

> I think that you were going to add additional time to his sentence.
> That was one of the conditions of releasing him, and that is what Mr.
> Maxwell wants to do. So I am going to ask that you do that.

Clearly, the defendant agreed to the additional time, in exchange for not being placed in custody after the revocation. It is only because he now has to actually serve the agreed upon sentence that he complains.

When a community corrections sentence is revoked, the trial court may increase the sentence. Tenn. Code Ann. § 40-36-106(e)(4); State v. Griffith, 787 S.W.2d 340 (Tenn. 1990). The increases from eight to twelve years and from three to six years are both within the statutorily permissible range. Generally, before the trial court increases the sentence, a sentencing hearing should be held. State v. Ervin, 939 S.W.2d 581, 583 (Tenn. Crim. App. 1996). Nonetheless, it is apparent the sentences were the product of negotiations. There are no circumstances here which would warrant the review of a judgment which became final three years ago.

II

The defendant next complains that he is either being forced to serve an illegal sentence or that the written orders contain clerical errors. In our view, the written orders contained in the record do contain errors which should be corrected.

The defendant's first complaint concerns the two-year sentence he received in 1991. He complains that "now his sentence appears to be eighteen years in the state penitentiary." The written order entered on July 21, 1995, does provide that "the defendant is placed ... on CAPP for eighteen (18) years ...." The written order entered on March 20, 1997, however, provides "the original judgment of this Court on June 28, 1991 is put into full force and effect." Also, the transcript of the hearing held in 1995 provides that he was to serve two years on C.A.P.P. concurrent with his other

7

sentences. The state agrees "that the defendant's two (2) year sentence in case number 35815 was not increased."

The trial court is without authority to order an eighteen-year community corrections sentence for a Range I offender convicted of a Class D felony. Tenn. Code Ann. § 40-36-106(e)(2); Tenn. Code Ann. § 40-35-112. When imposing a community corrections sentence, "the court shall possess the power to set the duration of the sentence ... at any period of time up to the maximum sentence within the appropriate sentence range." Tenn. Code Ann. § 40-36-106(e)(2) (emphasis added). Thus, the order entered on July 21, 1995, is modified to reflect a concurrent two-year term on C.A.P.P. for case number 35815. The order entered on March 20, 1997, is also modified to reflect a concurrent two-year term on C.A.P.P. for case number 35815.

The defendant also complains that the judgment forms in cases 47804 and 49817 are erroneous. He points out that the original judgment forms provided for sentences of eight years and three years, to be served consecutively. Yet the original judgment forms also provide for an eleven-year term on C.A.P.P. for each sentence. He claims the judgment forms "appear[] to require him to serve 22 years in the CAPP program" and that this error was carried over to the orders entered on July 21, 1995 and March 20, 1997. The state agrees that the written orders should be modified. Because the trial court is without authority to order an eighteen-year community corrections sentence for either of the Range I Class B or C felonies, we agree the orders should be modified to reflect a sentence of twelve years in case number 47804 and six years in case number 49817. See Tenn. Code Ann. § 40-36-106(e)(2). Thus, the orders are modified to reflect that the six-year term is to be served consecutively to the twelve-year term.

Accordingly, the judgment of the trial court is affirmed. The sentences are modified as provided in this opinion. See Tenn. R. Crim. P. 36.

8

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
Joseph M. Tipton, Judge


_____
David H. Welles, Judge