# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 22, 2003

## STATE OF TENNESSEE v. DEBRA FOSTER

**Direct Appeal from the Criminal Court of Sullivan County**
**No. S46, 107  Phyllis. H. Miller, Judge**

---

**No. E2002-01825-CCA-R3-CD**
**June 4, 2003**

---

The appellant, Debra Foster, pled guilty to seven counts of attempt to obtain possession of a controlled substance by fraud, Class D felonies. She received an effective sentence of eight years as a Range II, multiple offender. The trial court denied alternative sentencing and the appellant timely appealed. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Doug Vance, Jr., Bristol, Tennessee, for the appellant, Debra Foster.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and J. Lewis Combs, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

The State's proof at the sentencing hearing revealed that on seven occasions the appellant made telephone calls to various pharmacies in the Bristol area. The appellant claimed that she was calling from a doctor's office to authorize prescriptions for Lortab and Alprazolam. The prescriptions were determined to be fraudulent, resulting in the appellant's arrest.

The appellant testified at the sentencing hearing regarding her addiction to prescription drugs. She related that she had been taking pain medication for approximately fifteen years. Initially, she was prescribed medication following surgery. She had undergone nine surgeries since she was in her early twenties. Subsequently, her doctor determined that the appellant "had drug

seeking behavior," and refused to authorize additional prescriptions for the medications. After being abruptly taken off the medications, the appellant attempted to obtain unauthorized prescriptions.

The appellant testified that at the time of her last arrest, she was taking approximately thirty (30) pills per day, "not counting the nerve medication [she] was taking." The appellant admitted that she occasionally sold some of the drugs, but maintained that she primarily obtained them for her own use. She admitted that she had a drug addiction and asked the court to place her on probation so that she could obtain treatment. She conceded that she had other charges pending in Virginia and had been previously sentenced in Washington County for similar offenses. She committed the instant offenses while she was on bond on the Washington County charges.

In accordance with the plea agreement, the trial court sentenced the appellant as a Range II multiple offender to eight years incarceration in the Tennessee Department of Correction on counts one and two of the information.[1] Additionally, the appellant was sentenced as a Range I standard offender to four years incarceration on each of the remaining counts. The trial court ordered the sentences for these seven convictions to be served concurrently, but consecutively to two prior sentences in Washington County, resulting in an effective sentence of thirteen years.

After hearing the testimony and reviewing the presentence report, the trial court determined that while the appellant was presumed to be a favorable candidate for alternative sentencing, the State had successfully provided evidence to the contrary. The court found that the appellant had failed to demonstrate to the court that full probation "would serve the ends of justice, yourself or the community." The court noted that the appellant had "just been unstoppable on committing crimes."

Further, the trial court found that the appellant had been placed on some type of alternative sentencing in the past without success. Additionally, the court determined that the appellant "was not credible." The trial court noted that the appellant had stated in the presentence report that she sold drugs because it was an easy way to make money. However, at the sentencing hearing the appellant claimed that she made the statement regarding her sale of drugs because she had not admitted to herself that she was addicted to drugs and she also did not want her family to know of her drug use.

## II. Analysis

When a criminal appellant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption, however, is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the

---

[1] The appellant waived the right to be tried upon presentment or indictment and consented to prosecution by information. See Tenn. Code Ann. § 40-3-101 (1997).

review of the sentence is purely de novo.  State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).  Because the trial court correctly followed the statutory sentencing procedure, we will review the sentence with a presumption of correctness.

In making its sentencing determinations, the trial court, at the conclusion of the sentencing hearing, first determines the range of sentence, and then determines the specific sentence and the propriety of sentencing alternatives by considering: (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the appellant wishes to make in the appellant's behalf about sentencing, and (7) the potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-103(5) (1997), -210(a) (Supp. 2000); see also State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence.  See Tenn. Code Ann. § 40-35-209(c) (1997).  The record should also include any enhancement and mitigating factors applied by the trial court.  See Tenn. Code Ann. § 40-35-210(f).  Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record.  The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review.  See State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary."  Tenn. Code Ann. § 40-35-102(6) (1997); see also State v. Lane, 3 S.W.3d 456, 462 (Tenn. 1999). Thus, being a multiple offender, the defendant is not entitled to the presumption.  In any event, consideration for a sentence of confinement can be found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); Ashby, 823 S.W.2d at 170.

Additionally, the principles of sentencing reflect that the sentence can be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed.  See Tenn. Code Ann. § 40-35-103(2) and (4).  The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence.  See id. at (5).  A defendant with a long history of criminal

conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. Tenn. Code Ann. § 40-35-102(5).

We conclude that the record in this case amply supports the trial court's denial of alternative sentencing. As the trial court noted, the appellant has a lengthy history of criminal convictions and criminal behavior. The presentence report reflects that the appellant has numerous convictions for theft and forgery, a conviction for driving under the influence, and convictions for prior attempts to obtain controlled substances by fraud.

Indeed, the instant offenses were committed while the appellant was on bond for other charges resulting from her attempts to obtain medication through fraudulent prescriptions. Notably, the appellant admitted that she had taken Lortab the day before her interview with the probation officer who prepared the presentence report. As the trial court found, measures less restrictive than confinement have been applied repeatedly and unsuccessfully to the appellant. Moreover, the appellant's almost continuous criminal activity over a long period of time indicates that her potential for rehabilitation is poor. Despite repeated convictions, the appellant has continued to violate the law and abuse drugs. She has proven that she is unable to conform her behavior to comply with the law.

### III. Conclusion
Finding no error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-