# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
### Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE V. DARRELL DAVON KING

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-B-643    Seth Norman, Judge**

---

**No. M2003-00196-CCA-R3-CD - Filed March 9, 2004**

---

After being indicted on two counts of rape by force, two counts of rape, two counts of incest, and one count of sexual battery, the appellant, Darrell Davon King, pled guilty to two counts of rape, for which he received two, concurrent eight-year sentences at 100% service. The manner of the service of the sentences was left open. The trial court subsequently ordered the appellant to serve the sentences in incarceration. On appeal, the appellant argues that the trial court erred in denying him probation or community corrections. Upon review of the record and the parties' briefs, we conclude that the trial court erred in failing to state on the record its reasons for denying probation and/or a community corrections sentence. As a result we REVERSE the trial court's sentencing order and REMAND with directions that the trial court make specific findings of fact with respect to its sentencing determinations

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Theodora A. Pappas, Nashville, Tennessee, for the appellant, Darrell Davon King.

Paul G. Summers, Attorney General & Reporter; Braden H. Boucek, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Bernard McEvoy, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

In April of 2001, the appellant was living with his mother. The victim, the appellant's fourteen-year-old niece, was also staying at the home during her Easter break from Tennessee Preparatory School. One night while the appellant's mother was at work, the appellant agreed to stay at the house with the victim and her younger brother. While the victim was asleep in her bed, she claimed that the appellant entered the room, pulled down her shorts and panties and physically restrained her while he digitally penetrated her vagina and performed oral sex on her. The appellant did not deny penetrating the victim's vagina with his tongue or finger, but claimed that he was under the influence of cocaine, ecstasy, and alcohol at the time of the incident.

The appellant was indicted by the Davidson County Grand Jury on two counts of rape by force, two counts of rape, two counts of incest, and one count of sexual battery. He pled guilty to two counts of rape for which he received two concurrent, eight-year sentences at 100%. At a sentencing hearing, the trial court heard testimony from the appellant and accepted the pre-sentence report and a psychosexual evaluation into evidence.[1]

The appellant testified that, at the time of the sentencing hearing, he was forty-one years of age with a ninth-grade education. The appellant was in the national guard for five years, after which he received an honorable discharge. He claimed that prior to his arrest, he was employed at Wingate or Windfield Nursing Home for four to five months. The preparer of the pre-sentence report was unable to verify the appellant's employment at Windfield Retirement Home. Prior to that, the appellant was employed through a temporary service. At the time of the appellant's arrest, he was living with his mother. The victim stayed at the same home on and off during this time period. The appellant admitted that he had a "number of misdemeanors on [his] record" and that he has a severe problem with alcohol, cocaine, marijuana, and pills. He testified that he started using drugs approximately five years ago, but that he began abusing alcohol when he was approximately nineteen or twenty years of age. The appellant expressed remorse for the offenses, but ultimately blamed his behavior on the effects of drugs and alcohol.

The pre-sentence report indicates that the appellant had two prior arrests for driving under the influence, as well as arrests for shoplifting, larceny, malicious destruction of property, and two

---

[1]Although the pre-sentence report and a psychosexual evaluation were admitted into evidence at the sentencing hearing, the pre-sentence report and psychosexual evaluation submitted to this Court as part of the record on appeal do not bear any notations by the trial court, i.e., they are not numbered or marked filed by the clerk of the trial court. However, neither party contests the validity of these documents and each party relies on the contents of these documents in their briefs on appeal. Accordingly, any issue as to lack of authenticity is waived. See Tenn. R. App. P. 13(b); see also State v. Jerry Blaylock, No. 02C01-9602-CC-00069, 1997 WL 475163 (Tenn. Crim. App. at Jackson, Aug. 21, 1997) perm. to appeal denied (Tenn. Apr. 20, 1998).

arrests for violation of probation. The appellant admitted he committed the D.U.I. offenses. The appellant also admitted to using alcohol and illegal drugs. However, the pre-sentence report reflects that his other arrests either did not result in a conviction or the disposition of the charges is unknown.

At the conclusion of the evidence, the trial court determined that probation was not warranted, stating:

> Well, again, unfortunately there is no place that I know of that can help him, help . . . [the appellant] out. I say intensive treatment and things of that nature, but I have no suggestion, remedy or anything of that nature and frankly I'm not aware of anybody that would provide it. I sentence him to serve eight years in the Department of Corrections at a hundred percent. I'll run them concurrent, one with the other.

On appeal, the appellant argues that the trial court erred in not granting him probation or community corrections because it failed to consider the relevant sentencing principles and did not affirmatively articulate on the record the reasons for the denial of these alternatives to incarceration. The State counters that because the appellant is not presumptively entitled to an alternative sentence, has an extensive criminal history, committed a serious offense, and refused to shoulder responsibility for his actions, full incarceration is warranted even though the record lacks proof that the trial court considered applicable sentencing principles.

Analysis

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). The appellant in this case stands convicted of two Class B felonies. Based upon the B felony convictions, the appellant receives no presumption in favor of alternative sentencing. Thus, the State has no burden to justify an incarcerative sentence via the considerations upon which incarceration must be premised. See State v. Joshua L. Webster, No. E1999-02203-CCA-R3-CD, 2000 WL 1772518 (Tenn. Crim. App. at

Knoxville, Dec. 4, 2000); see also Tenn. Code Ann. § 40-35- 103(1); State v. Zeolia, 928 S.W.2d 457, 461 (Tenn. Crim. App.1996) (holding that when presumption of favorable candidacy for alternative sentencing options applies, the State must justify confinement by showing "evidence to the contrary" of the presumption).

The appellant's convictions of two felonies against the person rendered him ineligible for Community Corrections placement unless he demonstrated that he had a special need that could best be dealt with by community placement. See Tenn. Code Ann. § 40-36-106(a)(2), (c). Although there is evidence that the appellant has a significant substance abuse problem, there is no evidence that this problem could be better dealt with in the community, as opposed to an incarcerative setting. In any event, the trial judge made no findings on the appellant's suitability for a community corrections sentence under Tennessee Code Annotated section 40-36-106(a)(2).

The trial court failed to specify on the record whether it applied or considered any enhancement or mitigating factors when imposing the incarerative sentence and failed to specify with any particularity why it denied probation or a placement in a community corrections program. The record of a sentencing hearing is part of the record of the case and "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

Conclusion

The trial court's failure to make specific findings of fact as to the reasons for denial of probation and community corrections in this matter requires this Court to vacate the trial court's sentencing order and remand the case for specific findings of fact made on the record as to the appellant's suitability or lack thereof for probation or community corrections.

_____
JERRY L. SMITH, JUDGE