# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### FEBRUARY SESSION, 1997

FILED

April 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9601-CC-00031 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | SEVIER COUNTY |
| VS. | ) | |
| | ) | HON. BEN W. HOOPER, II |
| RANDALL DEAN COOPER, | ) | JUDGE |
| a/k/a TIMOTHY D. COOPER | ) | |
| Appellant. | ) | (Direct Appeal-Community |
| | ) | Corrections) |

FOR THE APPELLANT:

DENNIS C. CAMPBELL
Assistant Public Defender
Fourth Judicial District
P. O. Box 416
Dandridge, TN 37725

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

DARIAN B. TAYLOR
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

AL SCHMUTZER, JR.
District Attorney General

G. SCOTT GREEN
Assistant District Attorney
Sevierville, TN 37862

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

The Sevier County Circuit Court removed Appellant, Randall Dean Cooper, from participation in the Community Corrections program upon finding Appellant violated certain program conditions. The trial judge resentenced Appellant to ten years as a Range III offender, from an original sentence of eight years as a Range III. On appeal, Appellant presents the following issues: 1) whether the trial court abused its discretion by increasing Appellant's sentence to ten years in the Department of Corrections after finding Appellant violated the conditions of his eight year Community Corrections sentence; 2) whether Appellant was denied a statutory or constitutional right to a sentencing hearing after the trial court found him in violation of the requirements of the Community Corrections program; and 3) whether the trial court erred by refusing Appellant credit for the time he served pretrial and for time served in the Community Corrections program.

After a review of the record we reverse the judgment of the trial court, and remand this case for a new sentencing hearing.

FACTUAL BACKGROUND

Appellant was indicted for theft over the value of $1,000, fleeing from a law enforcement officer, driving on a suspended license, and driving under the influence of an intoxicant. He pled guilty to driving under the influence of an intoxicant and theft over $1,000. According to the plea agreement, Appellant agreed to serve eight years as a Range III offender. The parties agreed that the

sentence should be served in the Sevier County Jail[1]. After serving approximately six months, Appellant requested and received placement in the Community Corrections program. At that time, the trial court also ordered the Appellant to begin paying restitution of $3,500.00. Five months later, the trial court issued a warrant for the Appellant based upon alleged violations of the Community Corrections Act.

The trial court conducted a hearing on August 21 and 23, 1995, in which the court found Appellant had failed to report to his program counselor. The trial court removed Appellant from the Community Corrections program and sentenced Appellant to serve ten years in the Tennessee Department of Corrections.

### INCREASE IN SENTENCE

Appellant concedes that he broke the rules of the Community Corrections program, but he contends the court abused its discretion by increasing his original sentence. He argues that a violation for failure to report is merely a technical violation and is not of the severity of a violent act or an unlawful act. He maintains that the trial court erred in not following the procedure for sentencing set out in T.C.A. § 40-35-210.

---

[1]The original sentence was eight years of incarceration in a county jail. Because this original sentence is not the subject of a dispute in this appeal we need not address the propriety of such a sentence. However, this court is at a loss to understand how, in the absence of a sentence of split confinement, a sentence of eight years can legally be ordered served in a county jail. See Tenn. Code Ann. Sec. 40-35-314.

This court conducts a *de novo* review of all appeals involving sentencing issues, according the trial court a presumption of correctness upon a showing that the trial court followed the statutory scheme in imposing the sentence. T.C.A. § 40-35-401(d).

The statute which grants the trial court's authority over such proceedings as the one *sub judice* provides that:

> The court shall also possess the power to revoke the sentence imposed at any time due to the conduct of the defendant..., and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration , for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community based alternative to incarceration.

T.C.A. § 40-36-106(e)(4). In State v. Ervin, 939 S.W.2d 581 (Tenn. Crim. App. 1996), this court stated:

> The purpose of this statute is to permit a trial court to impose a new sentence if the nature, circumstances, and frequency of the accused's violations warrant a different type of alternative sentence or incarceration. However the provisions of the statute do not permit a trial court to arbitrarily establish the length of the new sentence. The statute should not be used by the trial courts for the sole and exclusive purpose of punishing an accused for violating provisions of a community corrections sentence.

If the trial court imposes a sentence that exceeds the original sentence, it must conduct a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act of 1989. Ervin, 939 S.W.2d at 583. The sentence must be based on (1) the evidence in the record of the trial, (2) the sentencing hearing, (3) the presentence report, and (4) the record of prior felony convictions filed by

the district attorney general with the court as required by § 40-35-202(a). T.C.A. § 40-35-210(g); see Ervin, 939 S.W.2d at 584.

In this case, the trial court did not follow the sentencing procedures set forth in the 1989 Sentencing Act. It did not address the purposes or sentencing considerations of the Act. Nor did the trial court set forth its findings with respect to enhancement and mitigating factors. Rather, the trial court's decision to enhance the sentence rested solely on Appellant's failure to report.

We recognize that there may be valid grounds for the enhancement of Appellant's sentence. The record includes a presentence report that states that the defendant has a prior criminal record and previous history of unwillingness to comply with the conditions of a sentence involving release into the community. See T.C.A. § 40-35-114(a) and (8). However, the record does not contain a transcript of the proceedings of the guilty plea submission and the initial sentencing hearing.

Given the state of the record, this court cannot conduct the statutorily mandated de novo review of the sentence imposed by the trial court upon revocation of the community corrections sentence. See Ervin, 939 S.W.2d at 584-85. We therefore reverse and remand this case for a new sentencing hearing consistent with the principles outlined in this opinion.

In view of our disposition of this appeal we pretermit consideration of Appellant's remaining issues which deal with the procedure at the hearing which forms the basis of this appeal.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
THOMAS T. WOODALL, JUDGE