IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2000

## STATE OF TENNESSEE v. GARY ANTHONY BURNS

**Direct Appeal from the Circuit Court for Sullivan County**
**No. S41, 549     Phyllis Miller, Judge**

_____

**No. E1999-02610-CCA-R3-CD**
**December 20, 2000**
_____

The Defendant, Gary Anthony Burns, pleaded guilty to two counts of theft over $500.00. The trial court sentenced the Defendant as a Range I standard offender to two years on each theft count and ordered the sentences to be served concurrently. The trial court then suspended the two-year sentence and ordered the Defendant to be placed on six years probation after service of ninety days in the Sullivan County jail, day for day. The Defendant now appeals, arguing that the trial court unlawfully denied him alternative sentencing. We conclude that the Defendant's sentence is proper and therefore affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Richard A. Tate, Assistant Public Defender, for the appellant, Gary Anthony Burns.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Teresa Murray-Smith, Assistant District Attorney General; for the appellee, State of Tennessee.

### OPINION

**Facts**

On September 15, 1999, the Defendant, Gary Anthony Burns, pleaded guilty without a recommendation on sentencing to two counts of theft over $500. The Defendant admitted to unlawfully cashing two checks belonging to his employer totaling $1,768.91 while he was an employee of Photo Express in Bristol, Tennessee. The Defendant and his former manager at Photo Express both testified that the Defendant repaid an amount totaling $1,600.00 after discovery of the crimes.

On November 4, 1999, the Criminal Court for Sullivan County conducted a sentencing hearing. In making its sentencing determination, the trial court considered as enhancement factors the Defendant's previous criminal history, the fact that the Defendant committed the crime while on bail for a prior felony conviction, and the abuse of a position of private trust involved in the crime. See Tenn. Code Ann. § 40-35-114(1), (13)(A), (15). The trial court found the absence of bodily injury to be a mitigating factor, but granted it only slight weight, reasoning that mitigating factor (1) always applies in theft cases. See id. § 40-35-113(1). Accordingly, the trial court sentenced the Defendant to two-years incarceration, but suspended the two-year sentence, concluding that the Defendant was entitled to a presumption of alternative sentencing. However, the court also concluded that some confinement was necessary. Therefore, the court ordered the Defendant to serve ninety consecutive days in jail followed by six years probation.

**Analysis**

The Defendant argues that the trial court erred by denying him an alternative sentence. In support of his argument, he contends that because he paid Photo Express $1,600 after charges were filed against him, mitigating factor (5) should have been applied in his case.

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). However, the sentence must be adequately supported

by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

The Defendant in this case argues that he should have been granted some form of alternative sentencing. However, the trial court did in fact impose one of the alternative sentencing options delineated in Tennessee Code Annotated § 40-35-104. Among the possible sentencing alternatives specified by our legislature are (1) "[p]ayment of restitution to the victim or victims either alone or in addition to any other sentence authorized by" Tennessee Code Annotated § 40-35-104(c); (2) "[a] sentence of confinement which is suspended upon a term of probation supervision which may include community service or restitution, or both"; and (3) "[a] sentence of periodic confinement which may be served in a local jail or workhouse in conjunction with a term of probation." Tenn. Code Ann. § 40-35-104(c)(2), (3), (4); see also State v. Dowdy, 894 S.W.2d 301, 304 (Tenn. Crim. App. 1994) (stating that split confinement is one of the alternative sentencing options under Tennessee Code Annotated § 40-35-104). In this case, the Defendant's two-year sentence was suspended, he received split-confinement probation, and he was ordered to pay restitution to the victim of his crime.

However, in his brief, the Defendant also argues that "the Trial Court should have granted probation or intensive probation to the defendant without confinement in the Sullivan County Jail." We will therefore consider whether the Defendant should have been granted full probation.

With certain exceptions, a defendant is eligible for probation if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). Although probation "must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." Id. § 40-35-303(b) sentencing comm'n cmts. In determining whether to grant or deny probation, the trial court must consider the nature and circumstances of the

offense; the defendant's criminal record, background, and social history; the defendant's present condition; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Goode, 956 S.W.2d 521, 527 (Tenn. 1997). "The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation." Id. The Defendant has the burden of establishing suitability for total probation. Id.; Tenn. Code Ann. § 40-35-303(b).

We further note that even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code Annotated § 40-35-103(5), Dowdy, 894 S.W.2d at 305, which states, in pertinent part, "The potential or lack of potential for the rehabilitation or treatment of a defendant should be considered in determining the sentence alternative or length of a term to be imposed." Tenn. Code Ann. § 40-35-103(5).

At the conclusion of the sentencing hearing in this case, the trial judge found that the Defendant's sentence was "necessary to avoid depreciating the seriousness of the offense or particularly suited to provide an effective deterrence" and that the Defendant, between 1994 and 1998, had a "criminal history demonstrating a clear disregard for the morals and the laws of society." The trial judge then addressed the Defendant, stating,

> I find that you've not been totally honest, truthful here today. I find that you have very little potential for rehabilitation in spite of what sort of therapy you've gone through. I find that you don't truly accept responsibility for what you did . . . . So, full probation will be denied . . . . I find that some confinement is necessary, especially considering your testimony here today.

We conclude that the Defendant has failed to demonstrate that he was entitled to full probation. The trial court found that the Defendant was untruthful. The trial court also considered the Defendant's criminal history and concluded that the Defendant had very little potential for rehabilitation without some period of confinement being a part of the sentence imposed. As this Court has stated,

> It is unrealistic to assume that someone who has just pled guilty to a felony conviction, who then offers perjured testimony to the court, denies any criminal wrongdoing for the offense for which they have just pled, and is in general

unrepentant is someone who could immediately return to their community and be expected to assume a role as a functioning, productive and responsible member of society.

Dowdy, 894 S.W.2d at 305. We thus conclude that the trial court did not abuse its discretion in denying the Defendant full probation.

The trial court weighed all appropriate factors under the statutory guidelines. Mitigating factor (5) is not applicable in the instant case because the restitution paid to Photo Express before the sentencing hearing was not paid before detection of the crime and therefore should not have been considered by the court. See Tenn. Code Ann. § 40-35-113(5). Moreover, we note that the application of enhancement and mitigating factors was primarily utilized by the trial court to determine the length of the Defendant's sentence, which the Defendant has not challenged on appeal.

Accordingly, the ruling of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE