# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
April 2000 Session

## STATE OF TENNESSEE v. CHRISTOPHER KEVIN PADGETT

**Direct Appeal from the Circuit Court for Putnam County**
**No. 97-0289B     Leon Burns, Jr., Judge**

---

**No. M2000-00038-CCA-R3-CD  - Filed July 28, 2000**

---

The Defendant, Christopher Kevin Padgett, was found guilty by a Putnam County jury of the offense of aggravated robbery.  He was sentenced as a Range I standard offender to eleven years incarceration.  In this appeal, the Defendant challenges the sentences imposed.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which SMITH, J. and WILLIAMS, J., joined.

Craig P. Fickling, Cookeville, Tennessee, for the appellant, Christopher Kevin Padgett.

Paul G. Summers, Attorney General and Reporter, Jennifer L. Bledsoe, Assistant Attorney General, William E. Gibson, District Attorney General, Benjamin W. Fann, Assistant District Attorney General, and David A. Patterson, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

The proof at trial established that in February 1997, James Phipps went to Bud's Tavern in Cookeville, Tennessee to eat dinner and play some pool.  While at Bud's, Phipps met the Defendant, Christopher Kevin Padgett.  Although the two had not met prior to that evening, they began to play pool together.  Approximately an hour later, Phipps gave the Defendant a ride to his mobile home located a short distance away.  Upon arriving at the mobile home, the Defendant immediately left and returned with his neighbor, Ricky Lynn Randolph.  There was some dispute at trial as to what happened next.  Phipps testified that once in the trailer, the Defendant went to the kitchen, which was located at one end of the trailer, and asked Phipps to join him.  According to Phipps, before he got to the kitchen, the Defendant hit him in the head and then began to beat him with a black stick.  Phipps then testified that the Defendant insisted that Phipps give him his wallet whereupon the Defendant took out all of the cash and gave the wallet back to Phipps. Testimony corroborating Phipps allegations was offered by Ricky Lynn Randolph and two neighborhood boys.  The

Defendant denied ever demanding or taking any money from Phipps and stated that the fight ensued because Phipps wanted some marijuana, and the Defendant would not provide any. Later, Phipps was taken by ambulance to the Cookeville Regional Medical Center where he was treated for his injuries.

Based on this evidence, the jury convicted the Defendant of aggravated robbery, a Class B felony. See Tenn. Code Ann. § 39-13-402. The Defendant was sentenced as a Range I standard offender to eleven years incarceration, which is one year less than the maximum in the applicable range.[1] The Defendant challenges the length of the sentence imposed by the trial court.

When an accused challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. Id. "The burden of showing that the sentence is improper is upon the appellant." Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

The presumptive sentence to be imposed by the trial court is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for mitigating factors. Id. § 40-35-210(d), (e). The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act.

---

[1] The applicable range for a Range I standard offender in a Class B felony is eight to twelve years. See § 40-35-112(2)

Tenn. Code Ann. § 40-35-210 sentencing comm'n cmts.; State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the statute requires that the trial record contain specific findings of fact upon which the sentence is based, as well as any enhancement or mitigating factors used to arrive at that sentence. Tenn. Code Ann. §§ 40-35-209(c), -210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn.Crim.App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

In this case, the court found the following enhancement factors applied: (1) Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, and (8) Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. See Tenn. Code Ann. § 40-35-114(1), (8). The court found no mitigating factors.

The Defendant contends that the trial court did not make specific findings of fact to support its decision concerning sentencing and thus that its determinations do not warrant the usual presumption of correctness. However, the trial court did consider the relevant facts and circumstances, including the nature of the offense. The trial court properly increased the length of the sentence, within the range, based on the presence of two enhancement factors and no mitigating factors. The trial court found that the defendant's history of prior convictions and history of unwillingness to comply with the conditions of his release warranted the increase in the length of the sentence, from eight to eleven years.

The trial court's findings were supported by the introduction into evidence of certified copies of the Defendant's five prior convictions. These included a guilty plea on June 25, 1993 to driving on a suspended license and simple possession of marijuana. The evidence at the sentencing hearing also demonstrated that the Defendant pleaded guilty on May 30, 1995 to auto burglary, attempted theft, and aggravated burglary and that the defendant served a three-year term on Community Corrections, which was later revoked.

We conclude that the trial court appropriately applied two enhancement factors when sentencing the Defendant. We also conclude that the trial court was correct in finding no mitigating factors in this case. Thus, the sentence imposed by the trial court was proper.

Accordingly, the sentence imposed by the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE

-3-