IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 2000 Session

## STATE OF TENNESSEE v. NATHANIEL LYNN CROCKETT

**Direct Appeal from the Circuit Court for Blount County**
**No. C-11441, C-11442     D. Kelly Thomas, Judge**

-----

**No. E1999-00694-CCA-R3-CD**
**September 26, 2000**

-----

The Defendant pleaded guilty to two counts of burglary and two counts of theft over $1,000. The trial court sentenced the Defendant to two years for each count of theft over $1,000 and to one year for each count of burglary. The trial court ordered that all sentences be served concurrently and that the Defendant serve six months in the county jail followed by intensive probation for the remainder of the sentence. The Defendant was ordered to pay $2,500 in restitution and to perform one hundred hours of community service. On appeal, the Defendant argues that the trial court erred in sentencing him to six months in confinement. Finding no error, we affirm.

**Tenn. R. App. 3 Appeal; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOHN EVERETT WILLIAMS, JJ., joined.

George H. Waters, Maryville, Tennessee, for the appellant, Nathaniel Lynn Crockett.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Edward P. Bailey, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Facts

On September 16, 1999, the Defendant, Nathaniel Lynn Crockett, pleaded guilty to two counts of burglary and to two counts of theft over $1,000. The charges arose out of separate incidents that occurred on the same day. The Defendant admitted to entering into one dealership by breaking a window and stealing hand tools, a tool box, a paint spray gun, and eighteen quarts of paint. On the same day, the Defendant broke into another dealership and stole a spoiler from an automobile.

The sentencing hearing was held on November 8, 1999. Between the guilty plea in September and the sentencing hearing in November, the Defendant was convicted of two offenses of passing worthless checks up to $100. Additionally, the record indicates that the Defendant has a lengthy criminal history, which includes convictions for assault, harassment, driving on a suspended license, disorderly conduct, possession of a handgun, trespass, and vandalism. For each prior conviction, the Defendant received a sentence of probation. The Defendant testified at the sentencing hearing that he had been cited for contempt of court for failure to appear in court four or five times.

At the sentencing hearing, the trial court sentenced the Defendant to two years for each charge of theft over $1,000 and to one year for each charge of burglary. The trial court ordered that all sentences be served concurrently and ordered the Defendant to serve six months in the county jail followed by intensive probation for the remainder of the sentence. The Defendant was also ordered to perform one hundred hours of community service and to pay restitution in the amount of $2,500. The trial court considered the Defendant's lengthy criminal history as an enhancement factor. The trial court also considered the age of the Defendant as a mitigating factor. In addition, the trial court determined that the Defendant's chances of rehabilitation were unlikely "without some punishment and jail time."

**Sentencing**

In this case, the Defendant challenges the trial court's determination that he must be incarcerated for six months of his two-year sentence. When an accused challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts and appropriate principles of sentencing, our review is de novo with a presumption of correctness.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors for a Class B, C, D or E felony, the court must start at the minimum sentence in the range, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Id. § 40-35-210(d), (e). The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). However, the sentence must be adequately supported by the record and must comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

Since the Defendant received minimum concurrent sentences, his appeal focuses on the issue of confinement. Sentences of confinement are properly imposed when confinement is necessary to protect society by restraining a defendant who, as in this case, has a long history of criminal conduct. Tenn. Code Ann. § 40-35-103(1)(A). Sentences of confinement are also properly imposed when, as in this case, measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the Defendant. Id. § 40-35-103(1)(C). The record indicates that the trial court considered and applied these principles of sentencing when he ordered six months of confinement for the Defendant.

This court concludes that the sentence imposed by the trial court was completely appropriate. Finding no error, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

-3-