IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2001 Session

## STATE OF TENNESSEE v. VICTOR D. NEUENSCHWANDER

**Direct Appeal from the Circuit Court for Williamson County**
**No. II-999-330     Timothy L. Easter, Judge**

---

**No. M2000-01334-CCA-R3-CD - Filed May 8, 2001**

---

The Defendant pleaded guilty to sexual battery by an authority figure, a Class C felony. The Defendant was sentenced as an especially mitigated offender to two years and seven months in the Tennessee Department of Correction. The Defendant now appeals, arguing that the trial court erred in denying him alternative sentencing. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Gene Honea, Assistant Public Defender, for the appellant, Victor D. Neuenschwander.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On July 8, 1999, a Brentwood police officer discovered a van parked in a gravel lot near Moore's Lane. Inside the van, the officer found the fifty-eight year old Defendant, Victor D. Neuenschwander, and the eighteen year old victim in a "compromising position." An investigation ensued and the Defendant ultimately pleaded guilty to sexual battery by an authority figure, a Class C felony. The Defendant was sentenced as an especially mitigated offender to two years and seven months in the Tennessee Department of Correction. The Defendant now appeals, arguing that the trial court erred in denying him alternative sentencing. Finding no error, we affirm the judgment of the trial court.

At the plea hearing, the Defendant admitted to having sexual relations with the victim while she was a resident at the Baptist Children's Home where he worked as a "house parent." The Defendant testified that the relationship had been going on for approximately a year and a half when they were discovered in the van. The sexual abuse began when the victim was sixteen or seventeen years old and continued until just after her eighteenth birthday.

Although the Defendant denied penetration, he admitted to fondling or touching the victim ten to fifteen times. The Defendant testified that he only touched the victim under her clothes once or twice. The Defendant admitted that there was some oral sexual contact on two occasions. The Defendant also admitted that he knew at the time of the abuse that he was wrong.

The Defendant testified that he felt ashamed of his actions and that nothing like that had ever happened before. The Defendant apologized for the abuse. He stated that he had acted stupidly and had no excuse. However, the Defendant also testified that the victim should take responsibility for her role in the relationship.

The victim testified that she lived at the home for approximately four years because of an earlier sexual abuse situation of which the Defendant was aware. The victim also testified that she is now in counseling because of the abuse. She testified that she has difficulty trusting anyone and that the Defendant's actions "furthered [her] fear of men." Although the victim does not want the Defendant to spend extensive time in jail because of his health problems, she does not ever want to see him again.

In addition to the testimony of the Defendant and the victim, a psychological evaluation of the Defendant was also submitted at the sentencing hearing. The report contained the following conclusions and recommendations:

> Test results revealed no evidence that Mr. Neuenschwander is a chronic or habitual sex offender or pedophile. He is a somewhat naive individual with rigid moral beliefs. He is able to distinguish right from wrong and does understand when he engages in wrongdoing as occurred with the adolescent girl. The remorse he described appears to be genuine. He insists that he learned a painful lesson and will be quite vigilant in the future to prevent even the appearance of any sort of impropriety. Current Global Assessment of Functioning is 57.

> A suspended sentence with supervised probation and public service is recommended. Mr. Neuenschwander has already experienced a great deal of shame and embarrassment. He appears motivated to comply fully with whatever sentence is imposed and determined to never repeat his mistake. A program of group or individual counseling for a period of 9-12 months is suggested. Mr. Neuenschwander does not appear to present a serious risk of committing a future sexual offense.

ANALYSIS

The Defendant argues that the trial court erred in denying him some kind of alternative sentencing. The trial court sentenced the Defendant as an especially mitigated offender to two years and seven months incarceration in the Tennessee Department of Correction (TDOC).

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

With certain exceptions, a defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). "Although probation 'must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law.'" State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997) (citing Tenn. Code Ann. § 40-35-303(b) sentencing comm'n cmts). In determining whether to grant or deny probation, the trial court may consider the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The Defendant has the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169. An especially mitigated or standard offender convicted of a Class C, D or E felony who does not fit within certain parameters[1] is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

However, we further note that even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

>    (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>    (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or
>    (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1)(A)-(C).

In this case, the trial court stated that in making its sentencing determination, it had considered the principles and considerations of the sentencing act, as well as the testimony from the sentencing hearing, the presentence report, arguments of counsel, the nature and circumstances of the crime, and the applicable enhancement and mitigating factors. Because the trial court did

---

[1]Tennessee Code Annotated § 40-35-102(5) states that "[c]onvicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . ."

consider each of these factors, we must afford the trial court's decision a presumption of correctness.

The trial court found that the Defendant had taken personal responsibility for his conduct and that he exhibited genuine remorse for that conduct. As such, the trial court applied mitigating factor number thirteen in this case. See id. § 40-35-113(13). Finding no enhancement factors, the trial court sentenced the Defendant as an especially mitigated offender under Tennessee Code Annotated § 40-35-109.

In denying alternative sentencing, the trial court stated that incarceration was warranted in this case to avoid depreciating the seriousness of the offense. The trial court found that the Defendant had a supervisory role over children with troubled pasts and took advantage of that position by engaging in sexual activity with the victim. The trial court determined that the Defendant's conduct in this case was "reprehensible," "shocking," and "needs serious punishment." We agree. The Defendant intentionally abused a position of trust. This Court notes that such conduct was especially reprehensible because the Defendant knew that the victim had been sexually abused in the past. In addition, the Defendant's conduct continued for almost two years. We agree with the trial court's conclusion that incarceration was necessary to avoid depreciating the seriousness of the offense.

The trial court also relied on the deterrent effect of sentencing the Defendant to confinement, stating that in child sex abuse cases, the deterrent factor is self-evident by the nature of the offense. However, the Tennessee Supreme Court recently overruled all prior cases which had found certain crimes to be "deterrable per se." State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). In doing so, the court held that "the record must contain some proof of the need for deterrence before a defendant, who is otherwise eligible for probation or other alternative sentence, may be incarcerated." Id. Hooper holds that a trial court's decision to incarcerate a defendant based on a need for deterrence will be presumed correct so long as any reasonable person looking at the entire record could conclude that (1) a need to deter similar crimes is present in the particular community, jurisdiction, or in the state as a whole, and (2) incarceration of the defendant may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes. Id. Hooper further provides factors to be considered by trial courts in deciding whether a need for deterrence is present and whether incarceration is "particularly suited" to achieve that goal. These factors include: "(1) [w]hether other incidents of the charged offense are increasingly present in the community, jurisdiction, or in the state as a whole, (2) [w]hether the defendant's crime was the result of intentional, knowing or reckless conduct or was otherwise motivated by a desire to profit or gain from the criminal behavior, (3) [w]hether the defendant's crime and conviction have received substantial publicity beyond that normally expected in the typical case, (4) [w]hether the defendant was a member of a criminal enterprise, or substantially encouraged or assisted others in achieving a criminal objective, and (5) [w]hether the defendant has previously engaged in criminal conduct of the same type as the offense in question, irrespective of whether such conduct resulted in previous arrests or convictions." Id. at 9-12. Hooper also holds that additional factors may be considered by the sentencing court, provided that (1) the sentencing court states these additional factors on the record with specificity, and (2) the presence of these additional factors is supported by at least some proof." Id. at 12.

There is insufficient evidence in the record to show that incarceration will serve as deterrence in this case. However, as stated previously, we conclude that the trial court correctly denied alternative sentencing in this case to avoid depreciating the seriousness of the offense.

Finally, the Defendant argues that the trial court erred by failing to grant him probation based on his potential for rehabilitation. The psychological report noted that there is no evidence that the Defendant is a chronic or habitual sex offender or pedophile and that the Defendant is genuinely remorseful. The report also "recommended" a "suspended sentence with supervised probation and public service." The trial court considered the psychological report along with the other evidence in this case, and found that incarceration was appropriate. We find no error by the trial court.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE