IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 11, 2001

## STATE OF TENNESSEE v. WILLIAM TONY MELTON

**Direct Appeal from the Circuit Court for Carroll County**
**No. 99CR-1430    C. Creed McGinley, Judge**

--------

**No. W2000-01742-CCA-R3-CD  - Filed May 14, 2001**

--------

The Defendant pleaded guilty to manufacturing methamphetamine, a Schedule II controlled substance. The Defendant was sentenced as a Range I standard offender to five years in the Tennessee Department of Correction. The Defendant now appeals, arguing that the trial court erred in denying him alternative sentencing. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOE G. RILEY, J., joined. JOHN EVERETT WILLIAMS, J., not participating.

Dwayne D. Maddox, III, Huntingdon, Tennessee, for the Appellant, William Tony Melton.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Defendant, William Tony Melton, pleaded guilty to manufacturing methamphetamine, a Schedule II controlled substance, a Class C felony. The Defendant was sentenced as a Range I standard offender to five years in the Tennessee Department of Correction. The Defendant now appeals, arguing that the trial court erred in denying him alternative sentencing.

### FACTS

The Defendant was arrested after a Carroll County Sheriff's deputy served a warrant at the residence of Ricky Pace. The Defendant was in the residence when the deputy entered to serve a detainer warrant on Pace. The deputy smelled a strong odor of ammonia and starter fluid. A search

warrant was subsequently obtained and executed on the Pace residence, where methamphetamine and other chemicals used in the manufacture of methamphetamine were found.

The Defendant was indicted by the Carroll County Grand Jury, along with Ricky Pace, on one count of manufacturing a controlled substance. On the day that the case was scheduled for trial, the Defendant failed to appear, and a capias was issued for the Defendant to be held without bond. The Defendant was subsequently taken into custody and entered a guilty plea as a Range I standard offender with an effective sentencing range of three to six years. The length of sentence and manner of service were to be determined by the trial court at a sentencing hearing.

At the sentencing hearing, the only proof presented was a pre-sentence report and a notice of enhancement filed by the State. According to the pre-sentence report, the Defendant told the probation officer that about two months before they were arrested, Ricky Pace said that he knew how to make "crank." According to the Defendant, Pace provided all of the ingredients for the crank except for "a few pills" which the Defendant provided. The Defendant claimed they were making the crank for their own personal use. The Defendant claimed that he was only in Pace's home to obtain "a little free dope" for his personal use in exchange for obtaining the pills for Pace.

The pre-sentence report also revealed that the Defendant had numerous prior convictions, including eight felony convictions for forgery. The Defendant had misdemeanor convictions for possession of marijuana, theft, passing worthless checks, DUI, driving on a revoked license, casual exchange and failing to stop at the scene of an accident. The Defendant was previously granted alternative sentencing on other charges, but failed to successfully complete his probation. Regarding his drug use, the Defendant said, "I've smoked 2 or 3 joints a day for the past 20 years. I've only been doing meth for about 3 years. About an 8-ball on weekends. Probably no more than a gram or two 2 or 3 times a year on cocaine." The trial court sentenced the Defendant as a Range I standard offender to five years in the Tennessee Department of Correction.

ANALYSIS

The Defendant argues that the trial court erred in sentencing him to five years incarceration. Specifically, the Defendant argues that the trial court did not affirmatively articulate all of the sentencing principles, as well as all the relevant facts and circumstances of the case, in making its sentencing determination.

Length of Sentence

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court

considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

The presumptive sentence to be imposed by the trial court for a Class B, C, D or E felony is the minimum within the applicable range unless there are enhancement or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are enhancement or mitigating factors, the court must start at the presumptive sentence, enhance the sentence as appropriate for the enhancement factors, and then reduce the sentence in the range as appropriate for the mitigating factors. Id. § 40-35-210(e). The weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123. However, the sentence must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Because the record in this case indicates that the trial court adequately considered the enhancement and mitigating factors as well as the underlying facts, our review is de novo with a presumption of correctness.

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

There is ample evidence in the record to support the sentence imposed by the trial court. The trial court properly applied two enhancement factors in this case. First, the trial court found that the Defendant had a previous history of criminal convictions or criminal behavior. Tenn. Code Ann. § 40-35-114(1). Although many of the convictions were misdemeanors, the Defendant had eight felony forgery convictions with two separate offense dates and a felony joyriding conviction. The trial court also found that the Defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Id. § 40-35-114(8). The Defendant does not argue that these factors should not have been applied, but rather, he argues that the trial court placed too much weight on those factors. However, the weight to be given each factor is left to the discretion of the trial judge. Shelton, 854 S.W.2d at 123.

The Defendant argues that "there is no proof in the record, and affirmatively articulated by the trial court, that it considered all of the sentencing principles and all relevant facts and circumstances." We disagree. As we have already stated, there was ample evidence in the record to justify the Defendant's sentence. In addition, we conclude that the trial adequately followed the proper sentencing procedure. The trial court stated which enhancement factors were to be applied and its reasoning for doing so. Because there were two enhancement factors and no mitigating factors, the trial court properly found that the Defendant was not entitled to the presumptive minimum sentence.

Manner of Service

With certain exceptions, a defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). "Although probation 'must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law.'" State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997) (citing Tenn. Code Ann. § 40-35-303(b) sentencing comm'n cmts). In determining whether to grant or deny probation, the trial court may consider the circumstances of the offense; the defendant's criminal record, background and social history; the defendant's physical and mental health; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996). The Defendant has the burden of establishing suitability for probation. Tenn. Code Ann. § 40-35-303(b); Ashby, 823 S.W.2d at 169. An especially mitigated or standard offender convicted of a Class C, D or E felony who does not fit within certain parameters[1] is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6).

---

[1]Tennessee Code Annotated § 40-35-102(5) states that "[c]onvicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration . . . ."

However, we further note that even if a defendant is presumed to be a favorable candidate for alternative sentencing under Tennessee Code Annotated § 40-35-102(6), the statutory presumption of an alternative sentence may be overcome if

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1)(A)-(C).

Because the Defendant was convicted of a Class C felony and because the length of his sentence was five years, the Defendant is presumed to be a favorable candidate for alternative sentencing. However, the State adequately rebutted that presumption in this case. The Defendant has a lengthy criminal history dating back to 1983. The Defendant admitted in the probation report that he uses drugs on a frequent and regular basis. Moreover, the Defendant has failed to comply with previous sentences where he was granted alternative sentencing. Thus, the Defendant has failed to establish his suitability for alternative sentencing.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE