IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 11, 2001

## STATE OF TENNESSEE v. MELVIN M. MELSON

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7958     C. Creed McGinley, Judge**

---

**No. W2000-03130-CCA-R3-CD  - Filed October 26, 2001**

---

The Defendant pled guilty to two counts of aggravated sexual battery, and the trial court sentenced the Defendant pursuant to his plea agreement to two concurrent ten-year sentences. In this appeal as of right, the Defendant argues that the trial court erred by denying his request that he serve his sentence on community corrections. Because we conclude that the sentence imposed is adequately supported by the record, and that the trial court did not err by refusing to allow the Defendant to serve his sentence on community corrections, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Richard DeBerry, Assistant Public Defender, Savannah, Tennessee, for the Appellant, Melvin M. Melson.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On October 17, 2000, the Defendant, Melvin M. Melson, pled guilty to two counts of aggravated sexual battery. At the guilty plea proceeding, the Defendant admitted that he had sexual contact with two children, both of whom were under the age of thirteen. Pursuant to the negotiated plea agreement, the trial court sentenced the Defendant as a standard offender to ten years incarceration for each count of aggravated sexual battery. The court ordered that the sentences be served concurrently, with the release eligibility portion of the judgments indicating "violent 100%".

In this appeal as of right, the Defendant contends that the trial court erred by denying his request to be sentenced pursuant to the Community Corrections Act. See Tenn. Code Ann. §§ 40-

36-102 to-306. The Defendant argues that he has "special needs" that warrant his placement on the community corrections program: He states that his mother is quite ill and that he is the only family member who can care for her.

When a criminal defendant challenges the length, range, or manner of service of a sentence, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Id. § 40-35-401(d). This rule applies to defendants sentenced pursuant to the Community Corrections Act. See State v. Grigsby, 957 S.W.2d 541, 544 (Tenn. Crim. App. 1997). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a), (b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995). The sentence imposed must be adequately supported by the record and comply with the purposes and principles of the 1989 Sentencing Reform Act. State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986).

When imposing a sentence, the trial court must make specific findings of fact on the record supporting the sentence. Tenn. Code Ann. § 40-35-209(c). The record should also include any enhancement or mitigating factors applied by the trial court. Id. § 40-35-210(f). Thus, if the trial court wishes to enhance a sentence, the court must state its reasons on the record. The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. State v. Ervin, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). The defendant bears the burden of showing the impropriety of the sentence imposed. Ashby, 823 S.W.2d at 169.

The Defendant argues that the trial court should have allowed him to serve his sentence on community corrections. The Tennessee Community Corrections Act was developed to "punish

selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." Tenn. Code Ann. § 40-36-103(1).  The program is available for

> (1) [p]ersons who, without this option, would be incarcerated in a correctional institution;
>
> (2) [p]ersons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . . ;
>
> (3) [p]ersons who are convicted of nonviolent felony offenses;
>
> (4) [p]ersons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
>
> (5) [p]ersons who do not demonstrate a present or past pattern of behavior indicating violence; [and]
>
> (6) [p]ersons who do not demonstrate a pattern of committing violent offenses . . . .

Id. § 40-36-106(a)(1)-(6).  Those who are sentenced to incarceration or are on escape at the time of sentencing are not eligible for the program.  Id. § 40-36-106(6).

Felony offenders who are not otherwise eligible for the program "and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered for punishment in the community under the provisions of" the Community Corrections Act.  Id. § 40-36-106(c).  In order to be sentenced pursuant to the "special needs" exception, the offender must first demonstrate that he or she is eligible for probation.  Grigsby, 957 S.W.2d at 546.  Generally, a defendant is eligible for probation if his or her sentence is eight years or less.  Tenn. Code Ann. § 40-35-303(a).  However, certain offenders, including those convicted of aggravated sexual battery, are statutorily ineligible for probation.  See id.

> Second, the court must determine that (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need(s) are treatable, and (4) the treatment of the special need could be best served in the community rather than in a correctional institution.

Grigsby, 957 S.W.2d at 546-47.  The appellant bears the burden of demonstrating a "special need." Id. at 547 n.11.

In this case, the Defendant was convicted of aggravated sexual battery, for which he was sentenced to ten years incarceration.  The crime of aggravated sexual battery does not qualify as a "nonviolent felony offense," see Tenn. Code Ann. § 40-36-102(12), and it is also a crime against a person.  Thus, the Defendant has failed to meet the minimum eligibility requirements of the Community Corrections Act.  See id. § 40-36-106(a)(1)-(6). Furthermore, the Defendant has failed to demonstrate that he eligible for the "special needs" exception to the program.  See id. § 40-36-106(c).  As previously stated, to be sentenced pursuant to this exception, an offender must

demonstrate that he or she is eligible for probation. <u>Grigsby</u>, 957 S.W.2d at 546. The Defendant is ineligible for probation for two reasons: (1) His sentence is greater than eight years, <u>see</u> Tenn. Code Ann. § 40-35-303(a), and more importantly, (2) an offender convicted of aggravated sexual battery is statutorily ineligible for probation. <u>See</u> <u>id.</u> § 40-35-303(a). Thus, we find no error by the trial court in denying the Defendant's request for sentencing pursuant to the Community Corrections Act.

Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE