IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 8, 2002 Session

## STATE OF TENNESSEE v. HOLLY FANT

**Direct Appeal from the Circuit Court for Gibson County**
**No. 16030     Clayburn Peeples, Judge**

_____

**No. W2001-02634-CCA-R3-CD - Filed June 5, 2002**

_____

The Appellant, Holly Fant, appeals from the sentencing decision of the Gibson County Circuit Court. Fant pled guilty, under an "open" plea agreement, to aggravated assault and, following a hearing, was sentenced to a term of four years in the Tennessee Department of Correction. Fant now appeals, asserting that the trial court failed to comply with the relevant sentencing principles and, therefore, erred in not granting her a non-incarcerative sentence. Because we find that the trial court failed to place on the record discernable enhancing or mitigating factors as is statutorily required, and failed to include findings with regard to the denial of an alternative sentence, the judgment is reversed and this case is remanded for a new sentencing hearing.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded for New Sentencing Hearing.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Tom W. Crider, District Public Defender, Trenton, Tennessee, for the Appellant, Holly Fant.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Garry G. Brown, District Attorney General; and Bill Bowen, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background

The Appellant and her husband, Robert Fant, lived in Bradford, Tennessee. As recited in the pre-sentence report, the facts relevant to this case are set forth as follows:[1]

> On November 11, 2000, Gibson County Sheriff's Department Investigator, James Bowles, responded to a domestic disturbance at [the Appellant's] residence . . . Reportedly the assault occurred after [the Appellant] and her husband accused each other of having an affair. The argument proceeded to the bedroom where they fell on a table, located at the foot of the bed, and then onto the floor. As the victim, Robert Fant, sat at the head of the bed to use the phone, [the Appellant] shot him in the left side of the head with a pistol that she took from the closet.

Although both the victim and the Appellant admit that their argument turned "physical" prior to the shooting, their testimony at the sentencing hearing is materially inconsistent in that the victim testified that he did not strike or threaten the Appellant prior to the shooting, while the Appellant testified that the victim "jerked the phone out of the wall and wrapped the cord around [her] neck . . . and tried to drag [her] into the bedroom . . . ."

## ANALYSIS

## Sentencing

The Appellant bears the burden of establishing that the sentence imposed by the trial court was erroneous. *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991); *State v. Boggs*, 932 S.W.2d 467, 473 (Tenn. Crim. App. 1996); *State v. Fletcher*, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991). In determining whether the Appellant has carried his burden, this court must consider the evidence received at the trial and the sentencing hearing, the pre-sentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offenses, existing mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 169; Tenn. Code Ann. § 40-35-210. Furthermore, when a defendant challenges the sentence imposed by the trial court, this court conducts a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. *Ashby*, 823 S.W.2d at 169.

---

[1]The statement of facts as set forth in the pre-sentence report are utilized because no factual basis for the plea was presented at the guilty plea hearing. Rule 11(f) of the Tennessee Rules of Criminal Procedure requires that, "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

In the present case, the Appellant pled guilty under count two of the indictment which charged aggravated assault "by use of a deadly weapon," a Class C felony. Tenn. Code Ann. § 39-13-102(a)(1)(B). Because the Appellant is a range I standard offender, the range of punishment for a Class C felony is "not less than three (3) nor more than six (6) years." Tenn. Code Ann. § 40-35-112(a)(3). Furthermore, the presumptive sentence would be the minimum sentence in that range if there are no enhancing or mitigating factors present. Tenn. Code Ann. § 40-35-210(c). If there are both enhancing and mitigating factors present, the trial court must "enhance the sentence within the range as appropriate for the enhancement factors, then reduce the sentence within the range as appropriate for the mitigating factors." Tenn. Code Ann. § 40-35-210(e). After a sentencing hearing, the trial court made the following observations and/or findings:

> I have to assume that she is, in fact, guilty of aggravated assault by shooting her husband in the head and, quite frankly, I just think that that's something that we cannot allow to happen even once. I find this to be just about as violent a crime as there can be. There was serious bodily injury in this case. A deadly weapon was used by someone who is extremely knowledgeable about deadly weapons, who at least has a minor criminal history, although there was not, in fact, a previous felony history and I can't say there was provocation and I can't say there wasn't provocation.

The Appellant filed a statement with the court requesting application of four mitigating factors. No findings were made with regard to those mitigators and, at the conclusion of the hearing, the trial court sentenced the Appellant to a four-year term of incarceration.[2]

Under the Criminal Sentencing Reform Act of 1989, trial judges are encouraged to use alternatives to incarceration. A standard offender convicted of a Class C felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). The record does not reflect that the trial judge considered the Appellant's presumptive entitlement to alternative sentencing options as no findings were entered with regard to this issue. Tenn. Code Ann. § 40-35-103(1). The trial court also failed to specify whether it applied or considered any enhancement or mitigating factors when imposing the four-year sentence. The record of a sentencing hearing is part of the record of the case and "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). Moreover, "whenever the court imposes a sentence, it shall place on the record

---

[2]For instructional purposes, we would note that the trial court's finding that a "deadly weapon was used," which typically would support enhancing factor (9), may not be applied because use of the weapon was an element of the offense for which the Appellant was convicted. Tenn. Code Ann. § 40-35-114. Additionally, we are constrained to note that, although the trial court found this to be "as violent a crime as there can be," no medical proof as to the exact nature or extent of the injury is found in the record. The victim's testimony indicates that he was hospitalized for two days. Additionally, the victim requested compensation of $2,390.00; however, the proof at the sentencing hearing established that BlueCross/Blue Shield mistakenly sent this sum to the victim rather than the medical providers, which the victim is now being forced to repay.

either orally or in writing what enhancement or mitigating factors it found." § 40-35-210(f). Thus, if the trial court wishes to enhance or mitigate a sentence, the court must state its reasons for doing so on the record. Here, the record is void of findings in both respects.

The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. *State v. Ervin*, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996). Under the 1989 Sentencing Act, it is incumbent upon the trial courts to specify which enhancement factors apply to each sentence and a failure to do so will often result in a remand. *State v. Winston,* No. 01C01-9302-CR-00069 (Tenn. Crim. App. at Nashville, July 28, 1994).

## CONCLUSION

For the above reasons, we remand this case to the trial court for a sentencing hearing to determine the Appellant's suitability for an alternative sentence and for determination of the appropriate length of sentence, taking into consideration applicable enhancing and mitigating sentencing factors.

 

 

 

_____
DAVID G. HAYES, JUDGE