IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2006

## STATE OF TENNESSEE v. CRYSTAL ANTONETTE DELANEY

**Appeal from the Circuit Court for Fayette County**
**No. 5626     J. Weber McCraw, Judge**

_____

**No. W2005-01459-CCA-R3-CD  - Filed May 5, 2006**

_____

Pursuant to an open plea agreement, as provided by Tenn. R. Crim. P. 11(e)(1)(B), the Appellant, Crystal Antonette Delaney, aka Crystal Ward, pled guilty to identity theft, a Class D felony, and theft of property, a Class C felony.  Following the guilty plea hearing, the Fayette County Circuit Court sentenced Delaney, as a Range III persistent offender, to ten years for the identify theft and twelve years for the theft of property.  The court further ordered that the two sentences were to be served concurrently to each other but consecutively to an effective twelve-year sentence imposed in a separate Lauderdale County case.  On appeal, Delaney contends that the trial court failed to properly consider and follow the sentencing guidelines and raises the following issues for our review: (1) whether the sentences imposed are excessive; and (2) whether the court erred in ordering that the sentences be served consecutively to her Lauderdale County sentence.  Because the trial court failed to conduct a sentencing hearing as contemplated by our sentencing statutes, the record contains no findings of fact with regard to sentencing enhancement factors or the trial court's reasons for imposing consecutive sentences.  As such, we are unable to conduct a *de novo* review of the sentences imposed and, accordingly, remand the case to the Fayette County Circuit Court for a sentencing hearing and for written findings of fact and imposition of sentences in accordance with statutory law.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Shana McCoy Johnson, Senior Assistant Public Defender, Somerville, Tennessee, for the Appellant, Crystal Antonette Delaney.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On May 5, 2005, the Appellant was charged by Criminal Information with one count of identify theft and one count of theft of property greater than $10,000 but less than $60,000. On June 1, 2005, the Appellant entered an open guilty plea to the charged offenses, leaving all sentencing determinations for the trial court. At the guilty plea hearing, the State gave the following recitation of the facts of the case:

> . . . [O]n November 24, 2004, [the Appellant] went to Jim Keras Chevrolet dealership there in Fayette County and in an attempt to purchase a 2005 Pontiac G6 that was valued at over $31,000.00 filled out a GM credit report and was very successful in having that go through. All of the information on the report was accurate except for the social security number which came back to a black male, but the social security number was what GM Credit used to authorize the release of the vehicle.
>
> . . . .
>
> Count Two is the theft over $10,000 of the vehicle. After executing the security agreement she was allowed to leave with the vehicle and kept it for some time until it was later found after she had been apprehended. I believe this incident occurred on November 24, 2004 and I believe the vehicle was not recovered until March 22, 2005.

Following the acceptance of the guilty pleas, the trial court promptly sentenced the Appellant, as a Range III persistent offender, to concurrent sentences of ten years for identity theft and to twelve years for theft of property. The court further ordered that the sentences were to be served consecutively to sentences previously imposed in case numbers 7714 and 7715 in Lauderdale County. This appeal followed.

### Analysis

On appeal, the Appellant challenges the imposition of her sentences by the Fayette County Circuit Court. Specifically, she asserts that the trial court failed to make specific findings that would indicate the court properly considered and followed the sentencing guidelines and requirements. She further argues that the record does not support either the length of the sentences or the imposition of consecutive sentencing.

Tennessee Code Annotated section 40-35-203(a) (2003) provides in pertinent part that:

"[u]pon a verdict or plea of guilty, the court shall set and conduct a sentencing hearing . . . . Evidence may, but need not, be presented by both the defendant and the district attorney general on any matter relevant to the issue of sentencing. The sentencing hearing may occur immediately after guilt is determined . . . ."

In reaching its sentencing decision, the court is to consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2003); *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991). The court is required to place on the record, either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by section 40-35-209. T.C.A. § 40-35-210(e). Moreover, when ordering consecutive sentencing, the court is required to consider section 40-35-115 and Tenn. R. Crim. P. 32(c). Rule 32(c)(1) provides, "If the court orders that the sentences be served consecutively or concurrently, the order shall specifically recite the reasons for such ruling and such judgment is reviewable on appeal."

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003); *Ashby*, 823 S.W.2d at 169. However, this presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000).

In this case, the Appellant clearly entered into an open plea agreement as provided by Tenn. R. Crim. P. 11(e)(1)(B), whereby all sentencing decisions were to be determined by the trial court. Immediately following entry of the pleas of guilty, the prosecutor advised the trial court that the State was requesting that the Appellant be sentenced as a Range III persistent offender, for both sentences, that the Appellant pay restitution of $540.00, that the State was not opposing concurrent sentences for the two instant convictions, and that the State had no recommendation regarding consecutive sentencing.[1] Defense counsel made no objections to the lack of proof regarding any of the sentencing issues submitted, other than requesting that all sentences, including any outstanding sentences, run concurrently.

Apparently, based upon the State's recommendations, the trial court, after inquiring if there was "[A]nything further with regard to sentencing," pronounced:

---

[1]The prosecutor announced that a presentence report was filed; however, the trial judge remarked, "I don't believe I have one," before imposing the challenged sentences.

On Count One, you will be sentenced to ten years at 45 percent with the Department of Corrections: on Count Two, it will be 12 years at 45 percent, also with the Department of Corrections. The Court will allow these two to be concurrent with each other; however, I don't see why this should run concurrent with the prior convictions. Be $540.00 restitution to Jim Keras, plus costs.

Clearly, the trial court failed to address any sentencing considerations, particularly its reason for enhancing both sentence lengths beyond the statutory minimum and its basis for imposing consecutive sentences under the provisions of Tennessee Code Annotated section 40-35-115. As noted, the record of a sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." T.C.A. § 40-35-209(c) (2003). Under the 1989 Sentencing Act, it is incumbent upon the trial court to specify which enhancement factors apply to each sentence, and a failure to do so will often result in a remand. *State v. James E. Winston,* No. 01C01-9302-CR-00069 (Tenn. Crim. App. at Nashville, July 28, 1994). The purpose of recording the court's reasoning is to guarantee the preparation of a proper record for appellate review. *State v. Ervin*, 939 S.W.2d 581, 584 (Tenn. Crim. App. 1996).

The lack of evidence and the absence of findings serve to preclude our statutorily mandated *de novo* review of the sentences imposed, as there is nothing before us to review. *De novo* review of a sentence contemplates an independent examination in the same manner and of the same facts in which the matter was originally heard. *See* BLACK'S LAW DICTIONARY 435 (6th ed. 1990). The reviewing court essentially rehears the evidence and redecides the case. It is the responsibility of the trial court, who is in the best position to observe the defendant's demeanor and candor, to make all initial sentencing determinations. Accordingly, remand is necessary in this case.

## CONCLUSION

Based upon the foregoing, the sentences imposed by the Fayette County Circuit Court are vacated, and the case is remanded for a sentencing hearing and for entry of written findings of fact consistent with this opinion.

_____
DAVID G. HAYES, JUDGE